**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROSEMAY PRADEL,

        Plaintiff,

v.

VAH LYONS EMPLOYEES FEDERAL
CREDIT UNION and SYBIL BEARAM,

        Defendants.

Civil Action No. 19-15835 (MAS) (ZNQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendant VAH Lyons Employees Federal Credit Union's ("Defendant") Motion to Dismiss. (ECF No. 4.) Pro se Plaintiff Rosemay Pradel ("Plaintiff") opposed (ECF No. 6), and Defendant replied (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

**I.    BACKGROUND**

    On August 20, 2014, Defendant Sybil Bearam ("Bearam") asked Plaintiff to cosign a loan for $1,500.00. (Compl. *4,[1] ECF No. 1.) Plaintiff and Bearam were employees of Defendant, and Defendant serviced the loan. (*See id.*) Before Plaintiff cosigned the loan, she was informed by an employee of Defendant that Bearam had outstanding loans of approximately $3,000.00. (*Id.*)

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

Plaintiff cosigned the loan for Bearam. (*Id.*; Washburne Cert. ¶ 3, ECF No. 4-1.) In February of 2018, an employee of Defendant informed Plaintiff that Bearam owed a sum of $2,944.93. (Compl. *4.) Plaintiff alleges that from "2014 to 2018, the loan of $3,000.00 had been paid off" but an employee of Defendant "added a balance of $6,700.00 that [Plaintiff] wasn't aware of." (*Id.*) Since January of 2018, Defendant has been deducting $155.00 per month from Plaintiff's payroll account. (*Id.*)

On July 25, 2019, Plaintiff initiated this action against Defendant and Bearam in this Court. (*Id.* at *1) Plaintiff is domiciled in Union, New Jersey. (*Id.*) Plaintiff states Defendant's address as a post office box in Lyons, New Jersey, and that Bearam is domiciled in Allentown, Pennsylvania. (*Id.* at *2) Plaintiff does not specify the Court's basis for jurisdiction, and does not identify a federal Constitutional, statutory, or treaty right at issue. (*See id.* at *2–3.) Plaintiff requests Defendant cease the payroll deductions and reimburse the $3,100 that Defendant has deducted from Plaintiff's payroll account since January 2018. (*Id.* at *4.)

## II.   LEGAL STANDARD

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (quoting *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002)).

It is well-established that federal courts are courts of limited jurisdiction. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Generally, a federal court only has jurisdiction over a dispute where a federal question is implicated or where the parties are of diverse citizenship.

2

Federal question jurisdiction exists when a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action only arises "under the laws of the United States" if "the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme v. MCI Corp.*, 328 F. App'x 768, 770 (3d Cir. 2008) (quoting *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir. 1974)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The alternate basis of jurisdiction, diversity jurisdiction, is established when the amount in controversy exceeds $75,000.00 and the parties are of completely diverse citizenship. 28 U.S.C. § 1332. Complete diversity is lacking "where the plaintiff and any defendant are citizens of the same state." *McCann v. Falato*, No. 14-4896, 2015 WL 6445859, at *2 (D.N.J. Oct. 23, 2015). Generally, damages alleged in a complaint over $75,000.00 satisfy the amount in controversy requirement unless it appears to a legal certainty that the claim is for less than the jurisdictional amount. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, the "burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benifit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *see also Coulter v. Tatananni*, 737 F. App'x 613, 616 (3d Cir. 2018).

## III. DISCUSSION

### A. Federal Question Jurisdiction

Plaintiff fails to plead a basis for federal question jurisdiction. On the face of the Complaint, Plaintiff fails to invoke a cause of action that arises under the Constitution, laws, or treaties of the United States. (*See* Compl.) Plaintiff specifies on the civil cover sheet that the nature of suit is a contract dispute, (Civil Cover Sheet 1, ECF No. 1-1), which generally does not encompass a federal question. Because Plaintiff has not stated a claim based on a federal question, the Court finds that Plaintiff fails to establish the Court's jurisdiction under 28 U.S.C. § 1331.

### B. Diversity Jurisdiction

Plaintiff also fails to show that complete diversity exists between the parties and that the amount in controversy exceeds $75,000.00. To show complete diversity exists, Plaintiff must specifically allege the citizenship of all parties and that no defendant has the same citizenship as Plaintiff. *Gay v. Unipack, Inc.*, No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011). In Plaintiff's Complaint, she pleads that she is domiciled in New Jersey. (Compl. *1.) Plaintiff does not plead Defendant's citizenship, but merely lists Defendant's address as a post office box located in New Jersey. (*Id.* at *2.) Construing Plaintiff's Complaint liberally, and assuming that Plaintiff pleads Defendant is a citizen of New Jersey, the face of the Complaint indicates a lack of complete diversity between Plaintiff and Defendant.[2]

---

[2] Courts have held that diversity of citizenship does not exist when a federal credit union primarily operates in a plaintiff's domicile. *See Rosenberg v. AT&T Emps. Fed. Credit Union*, 726 F. Supp. 573, 576 (D.N.J. 1989). Additionally, federal credit unions are generally "not amenable to jurisdiction under § 1332(a)" except where "the credit union's activities are 'localized' within a single state." *Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 918 (E.D. Pa. 2019) (quoting *Broadbridge Fin. Sols., Inc. v. CNBS, LLC*, No. 15-4978, 2016 WL 1222339, at *1 (S.D.N.Y. Mar. 23, 2016)). If Defendant's activities are localized within New Jersey, this indicates that both Plaintiff and Defendant are citizens of New Jersey and that complete diversity is lacking.

4

Plaintiff also fails to satisfy the amount in controversy requirement. Plaintiff seeks damages of $3,100.00—the amount of money that has been collected from Plaintiff's account. (Compl. *4.) Plaintiff asserts no other source of damages that would approach $75,000.00. Therefore, it appears to a legal certainty that Plaintiff cannot recover damages that would exceed the amount in controversy requirement.

Because Plaintiff fails to demonstrate that there is complete diversity among the parties and that her damages exceed $75,000, the Court finds that Plaintiff fails to establish the Court's jurisdiction under 28 U.S.C. § 1332.

## V. CONCLUSION

Because it is Plaintiff's burden to establish federal jurisdiction and Plaintiff fails to establish this Court has federal question or diversity jurisdiction, the Court must grant Defendant's Motion to Dismiss. The Court will enter an Order consistent with this Memorandum Opinion.

*Mashipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**